IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIPT # 106292
AMOUNT: $402.00
JUN 1 4 2023
CASHIER'S SIGNATURE

RICARDO RIVERA,
    *Plaintiff*,

vs.

COSTCO WHOLESALE CORPORATION,
    *Defendants*.

Case No.: 23-1321 (PAD)
JURY TRIAL DEMANDED

RECEIVED CASHIER
CLERK'S OFFICE USDC PR
2023 JUN 14 PM3:40

## COMPLAINT

Plaintiff Ricardo Rivera ("Mr. Rivera" or "Plaintiff") complains of Defendant Costco Wholesale Corporation d/b/a/ Costco ("Costco") as follows:

### INTRODUCTION

1. This is a civil rights complaint for discrimination and retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the Puerto Rico Civil Rights Act, Law No. 131 of May 13, 1943, as amended, P.R. Laws Ann. tit. 1 § 13 ("Subsection 1(a) of Law 131") and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 ("Article 1802").

2. Plaintiff is an Afro-Caribbean men and resident of the Commonwealth of Puerto Rico who brings this action to seek redress for injuries that he suffered because of Defendants' racially discriminatory termination of his membership contract based on his race (Black) and in retaliation for lodging of an internal racial complaint; and the right to contract.

3. Just days after Plaintiff lodged said complaint, Defendant retaliated against him by terminating his membership.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

5. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claim because the state claim is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the District of Puerto Rico, pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this District.

## PARTIES

7. Plaintiff Ricardo Rivera is a Black (Afro-Caribbean) men and resident of the Commonwealth of Puerto Rico.

8. Defendant Costco Wholesale Corporation d/b/a/ Costco is a corporation organized and existing under the law of the state of Washington with headquarters located at 999 Lake Drive, Issaquah, Washington, 98027. Defendant Costco is also a multinational corporation which operates a chain of membership-only warehouses nationwide and throughout the Commonwealth of Puerto Rico, including the 1185 Ave. 65 de Infanteria, San Juan, Puerto Rico, 00924 location (the "San Juan Location") relevant to this matter. At all times relevant hereto, Defendant Costco is a "person" and the owner of a "public place/business" as defined under the Puerto Rico Civil Rights Act, Law No. 131 of May 13, 1943, as amended, P.R. Laws Ann. tit. 1 § 13, Subsection 1(a) of Law 131 *et seq.*

## FACTS

9. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at

2

length.

10. Defendant Costco is a global retailer that operates a chain of warehouse locations nationwide in eight countries globally. Defendant Costco is a membership-only warehouse club-in where customers can purchase a wide selection of services, merchandise, medicines, provisions, including food and beverages for consumption on its cafeteria to the public in San Juan, Puerto Rico.

11. Plaintiff has been an on-and-off member at Defendant Costco since the early 2010's.

12. On or about December 5, 2022, at approximately 10:15am EST, Plaintiff visited the San Juan Location to purchase some food items.

13. Once at the cash register, Plaintiff was told that he was in possession of his spouse's membership card.

14. To complicate things further, Plaintiff membership status appeared as 'inactive' for reasons unknown to him.

15. At the juncture of this unexpected situation, an employee who is identified as "Janet Mari", Assistant Warehouse Manager ("AWM"), ended up in possession of Plaintiff's (spouse) membership card. "Janet Mari" is a citizen of Puerto Rico and, at all times relevant hereto, is an individual employed as agent or servant of Defendant.

16. Unable to complete his transaction, Plaintiff asked the AWM to return back to him the membership card.

17. Immediately thereafter, the AWM, abruptly and inappropriately refused to return the membership card back to the Plaintiff.

18. Specifically, the AWM stated to Plaintiff in Spanish something to the effect of: *"Yo no se si [tarjeta] es robada"*. This statement loosely translates in English to: *"I don't know if [card] it's stolen."*

19. Enduring the AWM inappropriate remark would have been bad enough in private, let alone publicly at the cash registers area of the San Juan Location while other Defendant Costco employees and customers watched.

20. Plaintiff was completely shocked, offended and disturbed by AWM's derogatory statement.

21. Plaintiff, extremely uncomfortable with the direction of the conversation, stated in Spanish something to the effect of: *"O me devuelves la tarjeta o te reportare por robo."* This statement loosely translates in English to: *"Either you give me the card back or I'll report you for theft."*

22. Reluctantly, AMW handed the membership card back to the Plaintiff and he quickly left the premises feeling horrified, humiliated, and extremely alarmed at AWM's accusation against him.

23. On or about December 7, 2022, Plaintiff and his spouse visited the San Juan Location and 're-activated' his membership status. For that reason, Plaintiff received a new membership card.

24. Later, on or about December 8, 2022, at approximately 6:09am EST, Plaintiff sent an internal complaint ("IC") by electronic mail to the following electronic mail addresses: cjelinek@costco.com, including copy to: customerservice@costco.com.

25. As part of said IC, Plaintiff alleges racial discrimination about the service he was treated to by the AWS at the San Juan Location.

26. Unfortunately, on or about December 10, 2022, same AWM notified Plaintiff of her decision to terminate his membership contract by leaving a voice message in his spouse's voicemail.

27. In hopes of a favorable response, on or about February 7, 2023, Plaintiff forwarded copy of the IC to Derek Snead, ("Mr. Snead"). Mr. Snead is employed as an attorney by the Defendant.

28. Surprisingly, on or about February 10, 2023, Mr. Snead provided the Plaintiff with a whole different set of reasons than previously claimed by the AMW for the termination of the membership.

29. Inconsistent with her prior recorded disclosure, the AWM made up false and pretextual reasons for the termination of Plaintiff's membership when questioned by Mr. Snead.

30. The above-described conduct would not have occurred but-for Plaintiff's race and IC.

31. The AWS' actions demonstrated that were on account of Plaintiff's race and his IC and could only be interpreted as direct evidence of race-based animus toward Plaintiff.

32. On March 28, 2023, Plaintiff sent an email to Mr. Snead disputing his investigative findings and also requesting a Reconsideration of the decision to not reinstate membership.

33. Unfortunately, not only Mr. Snead did not respond back to the Plaintiff, but he ceased all communications with him.

34. In response, on or about April 3, 2023, at approximately 11:33am EST, Plaintiff sent an email requesting reconsideration of the decision to not reinstate his membership to several executive officers for the Defendant, including General Counsel, John Sullivan, ("Mr. Sullivan").

35. On or about April 3, 2023, at approximately 2:13pm EST, Mr. Sullivan sent an email to

Plaintiff stating in pertinent part: *'Upon further review, the termination of your membership is sustained.'*

36.     Despite the seriousness of the discriminatory conduct to which Plaintiff, a loyal Defendant Costco customer, was subjected by the AWM, to date, Defendant Costco has failed to remediate Plaintiff's complaints of such unlawful conduct.

37.     As the employer and/or supervisor of the AWM, Defendant Costco is vicariously, strictly, and/or directly liable to Plaintiff pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 ("Article 1802"), *et seq.*, in that the affirmative acts of discrimination and retaliation committed by the AWM and agents and/or representatives of Defendant Costco occurred within the scope of employment; and/or Defendant Costco was deliberately indifferent, reckless, negligent and/or tacitly approved the AWM's conduct; and/or Defendant Costco failed to create and/or have in place well-publicized and enforced anti-retaliation policies, effective formal and informal complaint structures, training, and/or monitoring mechanisms for same despite the foreseeability of retaliation; and/or by having actual knowledge of the retaliation of Plaintiff and failing to promptly and effectively act to stop it.

38.     The AWM, on behalf of Defendant, terminated the membership contract with Plaintiff. Such termination resulted in a permanent denial of access to a public place/business. Defendant further denied Plaintiff to enjoy the fruits of a contractual relationship. Defendants breached contract with Plaintiff by discriminating and retaliating against him in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Puerto Rico Civil Rights Act, Law No. 131 of May 13, 1943, as amended, P.R. Laws Ann. tit. 1 § 13.

39. As a result of the Defendant's unlawful action as described above, Plaintiff have suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to mental anguish, sleeplessness, humiliation, embarrassment, emotional distress, strain on marriage, unlawful deprivation of his federally protected rights to exercise and enjoy equal treatment in the making and enforcing contracts to public place/business without regard for race and/or color.

40. In addition, Plaintiff no longer feels comfortable accompanying his spouse shopping at the San Juan Location for fear that he will be subjected to additional discriminatory and retaliatory conduct or, worse, arrest for trespassing. Plaintiff's spouse membership was not cancelled.

## CAUSES OF ACTION
### COUNT I
*Section 1981 – Unlawful Discrimination and Retaliation on the Basis of Race*

41. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

42. "The elements of a cause of action under § 1981 are (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute."

43. As Black, the Plaintiff is a member of a "racial minority" as the term has been construed by the Supreme Court and First Circuit within the context of § 1981. 6 43. At all times material, the AWM knew the Plaintiff was Black and she intentionally discriminated against him on this basis.

44. The AWM, by terminating the Plaintiff's membership, wrongfully denied him the right to make and enforce a contract under which he had rights.

45. The Plaintiff had an absolute unqualified right to be treated equally by Defendant; however, because the Plaintiff is Black, Costco intentionally discriminated against him. In so doing, Defendant denied the Plaintiff his right to access a public place/business, as well as make and enforce contracts, on the same terms as enjoyed by white persons in violation of 42 U.S.C. § 1981.

46. Defendant is liable for the actions of its employees under the doctrine of *respondeat superior.*

47. The pattern and practice of discrimination and retaliation directed at Plaintiff is outlined above.

48. Defendant Costco's actions were taken with a willful and wanton disregard of Plaintiff's rights under Section 1981.

49. As a direct and proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has suffered sustained damages including humiliation, degradation, emotional distress, and other consequential damages and will, in the future, so suffer.

## COUNT II
*Subsection 1(a) of Law 131 - Unlawful Discrimination and Retaliation on the Basis of Race*

50. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

51. Defendant has denied Plaintiff the same right to enjoy the benefits, privileges, terms, and conditions of his contract as is, on the basis of Race and IC, in violation of Subsection 1(a) of Law 131

52. The pattern and practice of discrimination, and retaliation directed at Plaintiff is outlined above.

53. As a direct and proximate result of the aforementioned acts and omissions set forth herein, Plaintiff has suffered sustained damages including humiliation, degradation, emotional distress, and other consequential damages and will, in the future, so suffer.

## COUNT III
### *Article 1802 - Negligence in Hiring*

54. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

55. Defendant Costco's negligence, gross negligence, reckless conduct and hiring of AWM as employee directly and proximately caused Plaintiff to suffer discrimination and/or retaliation.

## COUNT IV
### *Article 1802 - Negligence in Retention*

56. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

57. Defendant Costco's negligence, gross negligence, reckless conduct and retention of AWM as an employee directly and proximately caused Plaintiff to suffer discrimination and/or retaliation.

## COUNT V
### *Article 1802 - Negligence in Hiring*

58. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

59. Defendant Costco's negligence, gross negligence, reckless conduct and supervision of the AWM as an employee directly and proximately caused Plaintiff to suffer discrimination and/or retaliation.

## COUNT VI
### *Breach of Contract*

60. Plaintiff re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

61. Defendant breached its contract with Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, and costs of suit. More specifically, Plaintiff demands judgment against Defendants for harm suffered in violation of Title 42 U.S.C. § 1981; the Puerto Rico Civil Rights Act, Law No. 131 of May 13, 1943, as amended, P.R. Laws Ann. tit. 1 § 13; and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 as follows:

a. A declaratory judgment finding that the actions of Defendants violate 42 U.S.C. § 1981;
b. A declaratory judgment finding that the actions of Defendants violate Subsection 1(a) Law 131;
c. A declaratory judgment finding that the actions of Defendants violate Article 1802;
d. A declaratory judgment finding that the actions of Defendants constitute negligent infliction of emotional distress and breach of contract;
e. A declaratory judgment finding that the actions of Defendant constitute intentional infliction of emotional distress;
f. Compensatory damages;
g. Consequential damages;
h. Any and all costs, including, but not limited to court costs by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);
i. Ordering Defendants to take appropriate corrective action to stop and prevent retaliation at the workplace;
j. Ordering Defendants to undergo anti-discrimination training;
k. Ordering Defendants to undergo anti-retaliation training;

l. Ordering Defendants to undergo workplace civility training;
m. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;
n. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;
o. Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;
p. Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;
q. Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and
r. Grant Plaintiff such other and further relief deemed just and equitable by the Court.

## JURY DEMAND

Plaintiff Ricardo Rivera hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: June 14, 2023

Respectfully submitted,

Ricardo Rivera, Plaintiff
Post Office 1817
Cabo Rojo, Puerto Rico, 00623
rickyjay192@gmail.com

l. Ordering Defendants to undergo workplace civility training;
m. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-discrimination training;
n. Ordering Defendants to engage a research organization to assess the effectiveness of their anti-retaliation training;
o. Ordering Defendants to engage a research organization to assess the effectiveness of their workplace civility training;
p. Ordering Defendants to identify an appropriate professional to investigate any future complaints of discrimination;
q. Ordering Defendants to identify an appropriate professional to investigate any future complaints of retaliation; and
r. Grant Plaintiff such other and further relief deemed just and equitable by the Court.

## JURY DEMAND

Plaintiff Ricardo Rivera hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: June 14, 2023

Respectfully submitted,

Ricardo Rivera, Plaintiff
Post Office 1817
Cabo Rojo, Puerto Rico, 00623
rickyjay192@gmail.com