# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

RICARDO RIVERA,

Plaintiff,

v.                                                    CASE NO. 23-cv-1321 (MAJ)(HRV)

COSTCO WHOLESALE CORPORATION,

Defendant.

## OMNIBUS MEMORANDUM AND ORDER

This is an action brought by *pro se* plaintiff Ricardo Rivera (hereinafter "Rivera" or "Plaintiff") against defendant Costco Wholesale Corporation ("Costco") under 42 U.S.C. § 1981, the Puerto Rico Civil Rights Act, Law No. 131 of May 13, 1943, P.R. Laws Ann. tit. 31, § 13, and Article 1536 of the Puerto Rico Civil Code of 2020, P.R. Laws Ann. tit. 31, § 10801. (Docket No. 1). In his complaint, Rivera generally alleges race discrimination based on an incident that took place on December 5, 2022, at a Costco warehouse in San Juan, and retaliation because Costco terminated his membership after he denounced the incident. The Court dismissed with prejudice several of Plaintiff's claims. (Docket No. 80). The claims that survived dismissal are the ones based on retaliation. (*Id.*)

Pending before the Court are the following motions: Rivera's motions requesting the appointment of a neutral forensic data expert to create a forensic image of Costco's electronic systems and devices. (Docket Nos. 150 and 151); Rivera's "Informative Motion

in Support of Privilege Log for In-Camera Review." (Docket No. 152); Rivera's "Second Informative Motion in Support of Privilege Log for In-Camera Review." (Docket No. 158); and Costco's "Motion for Sanctions Against Plaintiff for Improper Discovery Litigation." (Docket No. 165).

These motions have all been referred to me for disposition. (Docket No. 166).[1]

## I. RIVERA'S MOTIONS FOR APPOINTMENT OF AN INDEPENDENT FORENSIC DATA EXPERT (DOCKET NOS. 150 AND 151)

For context, at the hearing on Rivera's motion to compel (Docket No. 99), held on December 6, 2024, Rivera renewed his request for the appointment of a computer forensic expert alleging discrepancies in the timestamps of some of the emails produced by Costco as part of the discovery. (Docket No. 145 at 3). I ordered Costco to file an informative motion clarifying the matter. (*Id.*) Costco complied. (Docket No. 146).

In its motion in compliance, Costco clarified that the timestamps in the emails that form part of its production of documents, is in Coordinated Universal Time (UTC) which is four hours ahead of Eastern Standard Time (EST). (*Id.* at 2). UTC, Costco further explained, is the time zone in which its e-discovery experts would extract information, including employee emails. This fact accounts for the discrepancies flagged by Rivera where, for example, he claims he sent an email to Costco submitting his complaint at 6:09am but the document produced by Costco has a timestamp reflecting 10:09am. (*Id.*).

---

[1] Rivera's "Motion for Leave to File Reply in Response to Defendant's Informative Motion", Docket No. 157, was also referred to me for disposition. On January 14, 2025, I granted the motion and gave Rivera until January 21, 2025, to respond. (Docket No. 170). Rivera filed a pleading on January 21, 2025, that addresses matters related to both the email timestamps issue and the motion for sanctions. (Docket No. 172).

Lastly, Costco clarified that timestamps in email threads could vary depending on the sender's location. (*Id.*).

Rivera does not agree with nor accepts this explanation. He continues to be of the view that the discrepancies in the timestamps are part of a scheme by Costco to deceive him and calls into question the accuracy of the documents produced in discovery. Based on that, he has filed the two virtually identical motions that the undersigned is addressing in this section. Both pleadings request the appointment of an independent forensic examiner "to create a forensic image of Defendant's electronic systems and devices" after following a 20-item search protocol. (Docket Nos. 150 and 151). More recently, in his "Renew[ed] Opposition", Rivera added a new theory. That Costco "did not withhold a document, it withheld the <u>timely</u> disclosure of the existence of different time zones for said documents." (Docket No. 172 at 2)(emphasis in original). Rivera contends that the so-called parent emails needed to be "rightly" identified with the time zone they belong to. (*Id.*)

Costco opposes the request on several grounds. (Docket No. 163). First, Costco alerts the Court that Rivera attempted to bypass the "meet-and-confer" ordered by me at the discovery hearing insisting that the meeting be recorded, something Costco opposed as unnecessary. (*Id.* at 2). Second, Costco argues that the request for an independent forensic examiner is meritless because the matter of the discrepancy in the timestamps has been duly explained and Rivera has not been able to provide credible evidence that the explanation is misleading or inaccurate. (*Id.* at 3). And third, that the two motions are simply Rivera's newest attempt to harass Costco with meritless discovery motions. (*Id.*)

I agree with Costco that the request for the appointment of a forensic computer examiner must be denied because it lacks merit. To obtain the appointment of a "neutral" expert in computer forensics, Plaintiff must offer more than speculation or conjecture—he needs to "present at least some reliable information that the opposing party's representations are misleading or substantively inaccurate." *Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D. Mass. 2005); *see also Hardy v. UPS Ground Freight, Inc.*, No. 17-cv-30162-MGM, 2019 WL 3290346, 2019 U.S. Dist. LEXIS 121277, at *11 (D. Mass. July 22, 2019)("Courts have required that a movant make at least some effort, for example, by way of expert testimony or an affidavit, to show that this intrusive means of discovery is likely to yield the results sought."). Even the case cited by Rivera supports Costco's argument and undermines his position. In that case, though the special master recommended the appointment of an independent forensic expert, it did so after finding that defendants had "left the Court with little choice" due to their conduct in the discovery process that included:

> (i) Defendants' non-production of numerous emails and other documents that are responsive to PPTT's document requests and that would be expected to be in Defendants' possession; (ii) Defendants' failure to offer any explanation concerning why such documents have not been produced by them (*e.g.*, if they had been properly destroyed in connection with a document retention policy or ESI had been irretrievably lost due to a systems failure or natural event such as flood or fire); (iii) Defendants' ongoing failure, indeed refusal, to perform any further searches of their ESI for responsive documents, including any deleted ESI that might be recoverable, despite substantial concerns having existed since at least December about whether Defendants' production of documents was complete; and (iv) Defendants' apparent refusal to perform any searches for responsive documents using the search terms provided by PPTT's counsel.

*Profit Point Tax Techs., Inc. v. DPAD Grp., LLP*, No. 19-cv-698, 2021 U.S. Dist. LEXIS 95514, at *24 (W.D. Pa. Mar. 3, 2021).

Here, to the contrary, Rivera merely speculates that the discrepancy in timestamps must be due to some nefarious intent by Costco but provides no credible evidence of manipulation or fabrication. Costco in turn has provided a reasonable explanation for the discrepancy. It has to do with the different time zones that affected the timestamps reflected in the relevant emails. *See United States v. Ornella*, 96 F.4th 71, 76 n.3 (1st Cir. 2024)(explaining discrepancies in timestamps based on the time zone the sender of the message was located.). At the discovery hearing, Rivera had to admit that the copy of the email generated by him as sender, had the "correct" time (6:09am) thus confirming Costco's explanation.

Courts should be cautious to order intrusions into the electronic systems of a party, including mirror imaging of computers, where the request is unduly vague or unsubstantiated, and/or based on one party's skepticism that the opposing party has not produced all relevant information. *See John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008)(granting mandamus after finding that district court's order requiring mirror imaging of computers for preservation purposes was clearly erroneous.).

For the reasons set forth above, the motions at Docket Nos. 150 and 151 are DENIED.

## II. RIVERA'S INFORMATIVE MOTION IN SUPPORT OF PRIVILEGE LOG FOR IN-CAMERA REVIEW (DOCKET NO. 152)

Docket No. 152 is titled "informative motion" and does not seek any particular relief. In it, Rivera expands on his objections to Costco's withholding of certain

documents under the claim that they are protected by the attorney-client privilege. Rivera specifically argues that because Costco's in-house counsel was "engaging in an investigatory role" as part of the referral by the Consumer Protection Division of the State of Washington's Attorney General's office, he was not acting in his capacity as attorney for Costco and, thus, Costco should not be allowed to assert the attorney-client privilege.

The motion at Docket No. 152 is NOTED. I only add that issues related to Rivera's motion to compel *vis a vis* Costco's assertion of privilege have been ruled upon. *See* Docket No. 156. Therefore, to the extent that Rivera's motion at Docket No. 152 can be reasonably construed as seeking any type of relief, the same is MOOT.

### III. SECOND INFORMATIVE MOTION IN SUPPORT OF PRIVILEGE LOG FOR IN-CAMERA REVIEW (DOCKET NO. 158)

Same ruling as above in section II: NOTED and MOOT.

### IV. COSTCO'S MOTION FOR SANCTIONS (DOCKET NO. 165)

Costco moves for the imposition of sanctions against Rivera under the court's inherent authority and under Rule 37 of the Federal Rules of Civil Procedure, arguing that Plaintiff's conduct during the discovery process has been oppressive. The motion outlines a myriad of incidents during which Rivera has allegedly behaved inappropriately by being belligerent and disrespectful toward counsel. The alleged conduct includes directing gratuitous insults at counsel, screaming outbursts, and being unnecessarily combative. Costco also accuses Rivera of harassing it with frivolous motions such as a meritless motion to compel. Rivera should face the consequences of his vexatious conduct, says Costco, in the form of monetary sanctions to deter him from similar conduct in the future. After detailing the costs incurred in defending against his improper

discovery litigation, Costco requests that Rivera be ordered to pay $12,417.50 in costs and attorneys' fees.

Rivera filed an opposition to the motion for sanctions claiming that he is the victim of defamation at the hands of Costco's counsel. (Docket No. 171). The opposition does not really address the instances of misconduct alleged by Costco. It simply incorporates by reference the pleadings filed by Rivera at Docket Nos. 150, 151, 152, 157 and 158 asserting that said filings somehow demonstrate that he "has been vindicating his rights in an orderly manner." (Docket No. 171 at 2). Rivera also moves to strike any reference in Costco's motion for sanctions to communications between him and counsel Joseph Feldstein because they are, according to him, protected by the attorney-client privilege. (*Id.* at 1).[2] In his most recent filing (Docket No. 172), Rivera claims that Costco is seeking new sanctions by exaggerating old accusations that have been adjudicated and that Costco should be precluded from doing so under the doctrines of collateral estoppel and res judicata. (Docket No. 172).

Federal courts are vested with the power to regulate the conduct of abusive litigants, *see United States v. Gomez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005), and with

---

[2] The references will not be stricken from the record because they do not meet the definition of communications protected by the attorney-client privilege. All that the motion for sanctions states is that pro bono counsel Feldstein emailed a list of outstanding discovery items; that Costco complied by "identifying to Counsel Feldstein all the documents requested in its document production"; and that the day before the hearing on the motion to compel, Feldstein stated that it had not identified any deficiencies in Costco's clarifications and responses. (Docket No. 165 at 9). The motion further noted that Rivera had requested pro bono counsel Feldstein to withdraw from the representation and that he was insisting on pursuing the motion to compel. (*Id.*) There is nothing in these asseverations that come remotely close to revealing privileged communications. *See Cavallaro v. United States*, 284 F.3d 236, 245 (1st Cir. 2002)(setting forth the elements of the attorney-client privilege).

considerable discretion to decide whether to impose sanctions and what form they should take. *Media Duplication Servs., Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1238 (1st Cir. 1991). A district court may use its inherent powers to assess attorneys' fees against a party that has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO*, 501 U.S. 32, 45-46, 11 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)(*quoting Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)). But because of its potency, a court's inherent power to sanction should be exercised with restraint and discretion by, for instance, shifting attorneys' fees only in egregious circumstances. *Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 13 (1st Cir. 1995)(cleaned up). While "[c]ourts are naturally hesitant to impose monetary sanctions on pro se litigants (even those such as Vaks, who have a high level of education and prior litigation experience)," . . . [c]ourts will impose such sanctions where necessary." *Vaks v. LumiraDx, Inc.*, No. 18-125571-LTS, 2020 WL 7324756, 2020 U.S. Dist. LEXIS 232882, at *37 (D. Mass. Dec. 11, 2020).

Moreover, Rule 37 of the Federal Rules of Civil Procedure provides in relevant part that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees", unless the Court finds that "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

After careful review of the arguments of the parties and the record as a whole, I find that Rivera has engaged in unseemly behavior towards counsel as well as improper

discovery litigation. I also find that sanctions are in order to deter Plaintiff from engaging in similar conduct in the future. The allegations in Costco's motion for sanctions with respect to the behavior that Rivera has exhibited toward opposing counsel are troubling. The incidents highlighted range from yelling and directing insults to opposing counsel, accusing counsel of lying, questioning his intellectual capacity, and mocking counsel's ability to speak English. Rivera sent email communications copying other members of counsel's firm making accusations of dishonesty and seeking that his superiors discipline him. (Docket No. 165-1).

As noted, other than saying that counsel is "resorting to the defamation of [his] character", Rivera does very little to deny the allegations against him. (Docket No. 171). If this was the first time Costco alleged improper conduct by Rivera, I would be more hesitant to impose sanctions. But the record contains corroborated evidence of Rivera behaving aggressively towards Costco's counsel and hurling insults at them. (Docket Nos. 113, 118). Such confirmed incidents give credence to the allegations made by Costco. Contrary to Rivera's contention, Costco has not previously sought sanctions against him. At Docket No. 113, Costco informed the court about an incident that occurred outside the courthouse and requested the court to take notice of it and provide any remedy it deemed appropriate. The presiding District Judge noted that the allegations had been confirmed by her and issued a warning to Rivera that the type of behavior would not be tolerated. (Docket No. 118). There were no sanctions requested or imposed. Thus, the matter cannot be said to have been adjudicated.

Additionally, Rivera has also accused the presiding District Judge of misconduct (Docket No. 95) and has left several pro bono attorneys appointed by the court with no

choice but to move to withdraw due to disagreements with him. (Docket Nos. 28, 38, 49, and 143). His approach to litigating this case leaves much to be desired. While I understand that his *pro se* status entitles him to some leeway, Rivera's conduct cannot be attributed solely to the fact that he is acting *pro se* in this case. It is one thing to zealously advance a party's position; it is quite another to be uncivil toward opposing counsel and disrespectful to the court. *See Baez-Eliza v. Instituto Psicoterapeutico de PR.*, 275 F.R.D. 65, 74 (D.P.R. 2011)("Litigants can be aggressive and tough while still being civil and courteous."). Prior warnings issued by the court have not deterred Rivera.

Even if sanctions were not warranted due to his ill-mannered behavior, they are indeed called for considering Rivera's improper, abusive, and oppressive discovery litigation. The most recent round of discovery litigation revolved around Plaintiff's motion to compel (Docket No. 99), which was close to 200 pages including exhibits. The motion was unnecessarily repetitive and vague. It required counsel and the court to sift through a massive number of pages to decipher Plaintiff's argument. The motion was ultimately denied by me because it lacked merit and because it was based only on Plaintiff's speculation that Costco had more to produce by way of answers to interrogatories and requests for production of documents. (Docket No. 145). In fact, had Rivera allowed himself to be guided by pro bono counsel Feldstein who, after reviewing the record, determined that Costco had complied with its discovery obligations, the matter would have been put to rest. Instead, Rivera once more requested counsel to withdraw and doubled down on his meritless motion to compel. This is a clear example of vexatious litigation for which sanctions should be imposed. *See EEOC v. Triple S Vida, Inc.*, No. 21-cv-1463 (FAB-MDM), 2023 WL 9183950, 2023 U.S. Dist. LEXIS 233134, at

*76-78 (D.P.R. Aug. 25, 2023). I therefore find, under the rubric of Rule 37, that the motion to compel was not substantially justified.

The question remains whether an award of costs and attorneys' fees as requested by Costco would be unjust under the circumstances of this case. Costco requests that Rivera be ordered to pay $12,417.50, amount it claims are the costs and attorneys' fees it has spent in engaging in the unjustified discovery litigation. To support its argument that the imposition of said monetary sanctions would not be unjust, Costco directs the court's attention to the fact that Rivera has not requested in forma pauperis status in this case and has a documented monthly income of approximately $7,400. However, there is no information in the pleadings or other parts of the record regarding the liabilities of Mr. Rivera preventing me from assessing what his monthly net worth is.

As previously stated, Rivera's *pro se* status does not immunize him from compliance with the rules of procedure, or from the consequences if he fails to comply. *See 514 Broadway Inv. Trust v. Rapoza*, No. CA 08-369 S, 2009 WL 10729106, 2009 U.S. Dist. LEXIS 143285, at *12 (D.R.I. Dec. 23, 2009)(*citing Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994)). But here, taken into consideration Rivera's pro se status, and the uncertainty I have about his current financial situation, I will not order the full amount requested by Costco for costs and attorneys' fees. I believe that an award of $1,000 payable to Costco, which is a fraction of the costs and fees requested and documented by the Defendant, will be just under the circumstances and serve to sufficiently deter Rivera. *See Mwassa v. Presbyterian Homes & Servs.*, No. 19-cv-1511 (SRN/HB), 2020 U.S. Dist. LEXIS 262465, at *6-7 (D. Minn.

Aug. 19, 2020)(limiting award of fees and expenses to $1,000 notwithstanding the fact that the amount requested and justified was larger).

Accordingly, Costco's motion for sanctions at Docket No. 165 is GRANTED in part and DENIED in part. Rivera shall direct payment of $1,000 to Costco within 14 days of this order. Rivera is warned that any additional instances of inappropriate behavior or vexatious litigation will result in the imposition of more severe sanctions.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 24th day of January, 2025.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
